JUSTICE NELSON
concurs and dissents.
¶32 I concur in our remand. I also agree with Chief Justice Gray’s dissent and conclusion that we should deny appellate review of this cause because the partial summary judgment granted by the trial court was not properly certified as a final judgment under Rule 54(b), M.R.App.P.
¶33 This cause should be remanded to the District Court with instructions that the court entertain further proceedings to conclude the litigation in this case and to enter a final judgement encompassing all issues related to the alleged breach of Bradley’s contract by the Tribe. If those proceedings require farther hearings on summary or a fall trial because there are genuine issues of material fact, then so be it. Following the entry of final judgment, an appeal can be filed by the aggrieved party.
¶34 This case has become a procedural briar patch. In my view, Bradley I was wrongly decided. See Bradley v. Crow Tribe of Indians, 2003 MT 82, ¶¶ 23-40, 315 Mont. 75, ¶¶ 23-40, 67 P.3d 306, ¶¶ 23-40 (Nelson, J., dissenting). That was our first mistake. Our second mistake was to remand for “further proceedings” without any direction to the trial judge as to what those further proceedings should encompass. It appears that the Tribe has meritorious defenses, yet its ability to present and litigate those has been frustrated by procedural entanglements including: the dismissal-erroneous as it turned out-of Bradleys complaint for lack of subject matter jurisdiction; the uncertain status of Bradley’s summary judgment, judgment on remand; Bradley’s new summary judgment motion on remand; the court’s reinstatement of the original February 15,2002 judgment; the court’s determination-again, erroneous as it turned out-that it did not *460 have jurisdiction over the Tribe’s motion to alter or amend, and the deemed denial of that motion.
¶35 This case needs to be remanded; the Tribe’s defenses need to be heard and ruled upon either in summary judgment proceedings or in a trial; and a final judgment disposing of all of Bradley’s claims needs to be rendered. That will leave us free to start the third round of appeals.
¶36 I concur and dissent.